■ DAVID MESSINA, Appellant-Respondent, v LUFTHANSA GERMAN AIRLINES, Respondent-Appellant, et al., Defendants, and MICHAEL P. SENIUK, as Sheriff of County of Nassau, Respondent. — (1) Cross appeals by plaintiff and defendant Lufthansa German Airlines (Lufthansa) from stated portions

of an order of the Supreme Court, Kings County, dated September 19, 1979, which, *inter alia,* declared void certain levies made by the Sheriff of Nassau County upon property of Lufthansa; (2) appeal by plaintiff from stated portions of an order of the same court, dated November 26, 1979, which, *inter alia,* (a) vacated the order dated September 19, 1979, (b) again declared the levies void, (c) ordered the Sheriff to turn over the property collected to the plaintiff, (d) ordered the plaintiff and Lufthansa to equally share the poundage fees of $1,331.56, (e) ordered that Lufthansa pay interest on the money judgment dated November 4, 1977 from November 7, 1977 through November 7, 1979, and (f) ordered Lufthansa to pay a certain sum to plaintiff; (3) cross appeals by plaintiff and Lufthansa from stated portions of an order of the same court, dated December 11, 1979, which, *inter alia,* modified the order of November 26, 1979 by, *inter alia,* reducing to $1,923.50 the sum payable by Lufthansa to plaintiff; and (4) cross appeals by plaintiff and Lufthansa from an order of the same court, entered April 7, 1980, which (a) declined to review a determination of the Systems Board of Adjustment dated December 21, 1979 upholding the propriety of plaintiff's discharge on August 22, 1979, and (b) ordered a hearing to determine the amount of back wages owed to plaintiff for the period October 17, 1977 to August 22, 1979. Cross appeals from the order dated September 19, 1979 dismissed, without costs or disbursements. That order was superseded by the order dated November 26, 1979. The cross appeal by Lufthansa from the former order brings up for review the latter order (see CPLR 5517). Order dated November 26, 1979 modified, on the law, by reducing the Sheriff's poundage to $882.24, by reducing each party's share of this amount to $441.12, and by increasing the amount to be paid to the plaintiff by the Sheriff to $16,762.64. As so modified, order affirmed insofar as appealed from, without costs or disbursements. Order dated December 11, 1979 modified, on the law, by reducing to $1,697.64 the amount which Lufthansa shall pay to plaintiff. As so modified, order affirmed insofar as appealed from, without costs or disbursements. Order entered April 7, 1980, affirmed, without costs or disbursements. No reason appears why the Sheriff demanded poundage of $1,331.56 on the $17,644.88 collected from Lufthansa. He is entitled only to 5% of this latter amount, or $882.24 (see CPLR 8012, subd [b], par 1). We have modified the award accordingly. With respect to plaintiff's argument that Special Term should not have sanctioned Lufthansa's action in withholding taxes from the amount ordered to be paid by the judgment of November 4, 1977, we believe that no issue arises concerning the integrity of that judgment. Plaintiff is obligated to pay taxes on the amount he recovered under the judgment, which was for lost wages, and Lufthansa simply acted on his account and pursuant to law (see Treas Reg, § 31.3401[a]-1, subd [b], par [4]) by deducting these amounts. Finally, we note our concurrence with Special Term that plaintiff's sole recourse with respect to his second dismissal was to file a grievance with the Systems Board of Adjustment. Mollen, P. J., Titone, Mangano and O'Connor, JJ., concur.